## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANA ORTIZ | CIVIL NO. 18-1761 |
| PLAINTIFF | |
| V. | FEDERAL FAMILY AND MEDICAL LEAVE ACT |
| THE COGAR GROUP LTD. | PR LAW NO. 80 OF MAY 30 |
| DEFENDANT | TRIAL BY JURY |

### COMPLAINT AND DEMAND FOR JURY TRIAL

TO THIS HONORABLE COURT:

COMES NOW the Plaintiff, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

### INTRODUCTION

1. Plaintiff ("Ortiz") brings this action pursuant to 29 U.S.C. §§ 2601 due to Defendant's violation of the Federal Family and Medical Leave Act, 29 U.S.C. §§ 2601 (FMLA) and the Puerto Rico Unjust Dismissal Law, Law 80 of May 30, 1976, 29 P.R. Laws Ann. §§185(a). (Law 80)

2. Ortiz invokes the jurisdiction of this Court under 28 U.S.C.A. §1331, 1332 and §1343(3) since this action arises under laws of the United States of America.

3. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claim because this arose from the same nucleus of operative facts.

4. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

1

**PARTIES**

5. Plaintiff is an individual who is citizen of the United States of America and resident of the Commonwealth of Puerto Rico.

6. Defendant THE COGAR GROUP LTD. ("Defendant") is an entity organized under the laws of the other State than Puerto Rico with legal capacity to sue and be sued.

**FACTS**

7. Ortiz worked for Defendant and its predecessor as protective security officer since 2010 until November 22, 2017, when Defendant discharged Ortiz.

8. Due conditions in the workplace, Ortiz acquired a pneumonia and was hospitalized in HIMA-San Pablo Hospital, Bayamon, PR for 6 days in July 2017. Ortiz's medical condition did not get better after the hospitalization because the pneumonia had been caused by a bacteria and the bacteria even accessed Ortiz' hearth, provoking a condition known as pericarditis.

9. In addition, during Hurricane Maria, Ortiz had a fall and, as a consequence of the fall, she developed back condition (Disc Herniation) and a hip problem that requires a hip replacement surgery.

10. After the hospitalization, Ortiz maintained informed the Defendant about her medical condition. After the hospitalization, Ortiz submitted Defendant a few medical certifications and took a few days of leave sick. Some of these certifications came from doctors that came to PR with the US Navy after Hurricane Maria to provide medical attention in PR. These doctors recommended Ortiz a treatment that she had to get out of PR. Her medical conditions eventually provoked a total disability in Ortiz.

11. On October 20, 2017, Ortiz submitted Defendant a formal request of leave under FMLA in order to go out of PR to have medical attention. On October 27, 2017, Defendant approved the leave under FMLA and Ortiz traveled to Florida, US on November 2, 2017 to receive medical attention. The leave authorization was communicated to Ortiz by Captain Rafael Hernandez and by supervisor Teresa Figueroa.

12. In addition to the hospitalization of July 2017, before and after October 20, 2017, Ortiz had continuing treatment by a health care provider. For instance, in Florida, Ortiz had to underwent treatment with a cardiologist, to whom she had to visit in about 5 occasions in less than two m onths, and had to follow continuous treatment. She had to have treatment due the other conditions too.

13. On November 22, 2017, Ortiz received an email from Greg Wholean, Defendant's Operations Managers, accusing Ortz of having abandoned her job by taking an unauthorized leave and discharging Ortiz. Mr. Wholean alleged that Defendant had required Ortiz to Defendant had not authorized the leave, which is completely false because Ortiz' FMLA leave was authorized. Moreover, Mr. Wholean alleged that Defendant had notified Ortiz that she had to complete some paperwork and submitted in order to obtain the leave, which is also totally false because the leave had been approved.

## FIRST CAUSE OF ACTION:

### *Federal Family and Medical Leave Act*

14. The allegations contained in paragraphs 1 through 13 of this Complaint are incorporated by this reference as if fully set forth herein by Ortiz.

15. Ortiz had been employed by Defendant for at least twelve (12) consecutive month before the leave and had worked over 1,250 hours during the 12-month period immediately preceding the commencement of her medical leave on October 20, 2017.

16. Defendant employed Ortiz in workplace where 50 or more employees were employed in 20 or more workweeks in each working day during 2016, 2017 and 2018, and is engaged in commerce and in an industry affecting commerce. Defendant is a private security company that provides security services to different places, including federal government locations.

17. Ortiz suffered from a serious health condition.

18. Ortiz had been employed by Defendant for at least twelve (12) consecutive month before the leave and had worked over 1,250 hours during the 12-month period immediately preceding the commencement of her medical leave on October 20, 2017.

19. Defendant's decision to discharge Ortiz violates FMLA and was made in retaliation to Ortiz' leave, and Ortiz' use and request of leave under FMLA.

20. The termination was made with malice and with reckless and willful indifference to Ortiz' federally protected rights under the Federal Medical Leave Act.

21. Furthermore, as a direct and proximate cause of Defendants' aforementioned illegal and retaliatory conduct, Ortiz has suffered and will continue to suffer emotional and a pecuniary damages.

## SECOND CAUSE OF ACTION:
### *Law 80*

22. Ortiz repeats and realleges each and every preceding allegation as if fully set herein.

23. Ortiz was employee in commerce and industry for defendant, for which she worked for compensation under contract without a fixed period of time.

24. Defendant discharged Ortiz from her employment in violation of 29 LPRA Section 185a

4

et seq., which entitles her to the approximate severance amount of $14,560.00.

## TRIAL BY JURY

25. Plaintiff demands that the instant action be tried before a jury.

## PETITION FOR RELIEF

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in her favor and against Defendant including the following relief:

a.    Back pay, together with interest.

b.    Lost benefits and salaries.

c.    Severance pay under 29 LPRA Section 185a.

d.    An award of liquidated damages equal to twice the back pay, lost of benefit and  salaries.

e.    An award of compensatory damages for the emotional suffering and distress resulting from Defendant discriminatory discharge in an amount not less than $100,000.00.

f.    An award of double compensatory damages.

g.    Attorney's fees and costs pursuant to 29 USCA 2617(a)(3)

h.    Any other remedy that this Court may deem just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 10th day of October 2018.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.

5

USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
CEL. (787) 642-87470
Mduranlaw@aol.com